# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelvin Jerome Miles,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Director – Bureau of Prisons; Bureau of Prisons; and S. Warden Kallis, Federal Medical Center,<br><br>　　　　Defendants. | Case No. 21-cv-00932 (SRN/HB)<br><br>**ORDER** |

Kelvin Jerome Miles, Reg. No. 45410-007, FMC Rochester, P.O. Box 4000, Rochester, MN 55903, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

　　This matter is before the Court on Plaintiff Kelvin Jerome Miles' Objection [Doc. No. 10] to United States Magistrate Judge Hildy Bowbeer's May 24, 2021 Report and Recommendation [Doc. No. 9] ("R&R"). The magistrate judge recommended that this action be dismissed without prejudice for failure to prosecute, and that Miles' pending Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] and Motion to Amend Complaint [Doc. No. 6] be denied as moot. For the reasons set forth below, Miles' Objection is overruled, the Court adopts the R&R in its entirety, dismisses this matter without prejudice, and denies the pending motions as moot.

1

## I. BACKGROUND

Miles filed his Complaint on April 5, 2021, alleging that he has been denied release to home detention due to discrimination. (Compl. [Doc. No. 1].) On the same day, Miles filed an application to proceed *in forma pauperis*. (Appl. to Proceed IFP [Doc. No. 2].) The Court, in an April 7, 2021 Order, directed Miles to pay an initial filing fee of $350. Applying the framework provided by the Prison Litigation Reform Act of 1995, the Court found that because Miles' trust account held an average balance of $2,302.27—which exceeded his average monthly deposits—Miles is statutorily required to pay an initial partial filing fee of $350. (Order [Doc. No. 3].) As the Court explained, even if Miles were granted IFP status, he would still be required to pay this sum. (*See id.* at 2.) The Court warned Miles that failure to pay the fee within twenty days would result in the dismissal of this action for failure to prosecute. The Court also advised Miles of several shortcomings in his Complaint, which rendered the Complaint unlikely to survive review under 28 U.S.C. § 1915A. Thereafter, Miles moved to amend his complaint. (Mot. to Amend Compl. [Doc. No. 6].) On April 21, 2021, the Court extended the deadline for Miles to pay the initial filing fee, and again warned him that the matter would not go forward without payment of the fee. (Order [Doc. No. 8].)

On May 24, 2021, the magistrate judge noted that Miles had not paid the fee, and had not communicated with the Court since the Court extended the payment deadline. Accordingly, the magistrate judge recommended dismissing this action without prejudice under Federal Rule of Civil Procedure 41(b). Miles filed an Objection, asserting that COVID-19 has made his conditions of confinement life-threatening; arguing that he need

not exhaust his administrative remedies, under *Jones v. Bock*, 549 U.S. 199 (2007); and asking the Court to permit him to pay the filing fee in installments. Miles' Objection is now before the Court.

## II. ANALYSIS

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Because Miles proceeds pro se, the Court liberally construes his pleadings. *Frey v. Schuetzle*, 78 F.3d 359, 361 (8th Cir. 1996).

"A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam). As the Court explained in its April 7, 2021 Order, the Prison Litigation Reform Act requires Miles to pay a $350 filing fee even if he is granted IFP status. *See* 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Payment of this fee is statutorily required, and the magistrate judge correctly recommended that Miles' failure to pay the fee—despite two

3

court orders warning him that the action cannot go forward until he pays the fee—result in the dismissal of this action without prejudice. *See* 28 U.S.C. § 1915(b)(1) ("The court **shall** assess and, when funds exist, collect . . . an initial partial filing fee . . . ." (emphasis added)).

Regarding Miles' specific objections, the Court is sympathetic to the medical risks Miles faces due to the COVID-19 pandemic. Miles has not explained, however, how those risks have impacted his ability to pay the filing fee required by the statute. Nor does Miles' assertion that he is not required to exhaust his administrative remedies bear on the statutory filing fee requirement. Finally, concerning Miles' request to pay the filing fee in installments, it is true that the Prison Litigation Reform Act permits a partial payment of the initial filing fee, the remainder to be paid through installments. *See* 28 U.S.C. § 1915(b)(2). But the Court previously examined Miles' trust account balance and monthly deposits, and concluded that, because Miles' account reflected no monthly deposits but an average balance of $2,302.27, the statutorily required partial payment is $350. (*See* Order [Doc. No. 3], at 3.) Because the required partial payment is the entire filing fee, there is no remainder that may be paid through installments. Miles has not indicated that his trust account balance and deposits have materially changed since the Court's April 7, 2021 analysis.

Accordingly, the Court finds that the magistrate judge correctly recommended dismissing this action, without prejudice, for failure to prosecute. Consequently, Miles' Application to Proceed in District Court Without Prepaying Fees or Costs and Motion to Amend Complaint are denied as moot.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Doc. No. 10] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 9] is **ADOPTED**;

3. Plaintiff's Complaint [Doc. No. 1] is **DISMISSED without prejudice**; and

4. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] and Motion to Amend Complaint [Doc. No. 6] are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 15, 2021                          s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge