UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelvin Jerome Miles,<br><br>Plaintiff,<br><br>v.<br><br>Director – Bureau of Prisons; Bureau of Prisons; and S. Warden Kallas, Federal Medical Center,<br><br>Defendant. | Case No. 21-cv-00932 (SRN/HB)<br><br><br><br>**ORDER** |

Kelvin Jerome Miles, 621 Rhode Island Ave NW, Washington, D.C. 20001, Plaintiff, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Kelvin Jerome Miles' Motion for Reimbursement of Fees [Doc. No. 31]. For the reasons set forth below, Mr. Miles' Motion is denied.

Mr. Miles filed this action in April 2021. [Doc. No. 1 (Compl.).] Because he never paid an initial partial filing fee, in July the Court dismissed his Complaint without prejudice for failure to prosecute. [Doc. No. 11 (July 2021 Order).] In the same Order, the Court denied as moot his Application to Proceed in District Court Without Prepaying Fees or Costs, [Doc. No. 2], and Motion to Amend Complaint, [Doc. No. 6]. (*Id.*)

Mr. Miles next brought a Motion to Appoint Counsel, [Doc. No. 13], and a Motion to Override Exhaustion of Administrative Remedies, [Doc. No. 14]. On February 2, 2022,

1

the Court denied these Motions as moot because the July 2021 Order had closed Mr. Miles' case. [Doc. No. 16 (February 2022 Order).]

On February 10, Mr. Miles appealed the February 2022 Order to the Eighth Circuit. [Doc. No. 17 (Notice of Appeal).] However, Mr. Miles did not pay the required $505 appellate filing fee. [Doc. No. 18 (Clerk's February Letter) at 1.] Consequently, the next day, the Clerk of Court docketed a letter to Mr. Miles explaining that if he did not either pay the fee or file a completed Application to Proceed in District Court Without Prepayment of Fees or Costs ("IFP Application") within 30 days, his appeal would be subject to immediate dismissal by the Eighth Circuit. (*Id.* at 1–2.)

Mr. Miles did neither, so this Court ordered him on March 17, 2022 to pay the unpaid balance of the appellate filing fee. [Doc. No. 19 (March 2022 Order) at 3.] In addition, the Court instructed the Clerk to notify the prison authorities of this requirement, which it did the same day. [*Id.*; Doc. No. 22.]

On March 22, Mr. Miles notified the Clerk that he wished to withdraw his appeal; the Clerk received and docketed his letter on March 25. [Doc. No. 23.] The Eighth Circuit dismissed his appeal on March 29. [Doc. No. 25.]

On March 31, the Court received a letter from Mr. Miles stating that the appellate filing fee of $505 had been withdrawn from his inmate account without warning. [Doc. No. 27.] Mr. Miles stated that he would have withdrawn his appeal earlier if he had known this would happen and requested the return of the filing fee to his account. (*Id.*) Mr. Miles submitted two additional letters reiterating his request. [Docs. No. 29, 30.]

Finally, on October 28, Mr. Miles brought the instant Motion for Reimbursement of Fees. [Doc. No. 31 (Def.'s Mot.).] Mr. Miles argues that the appellate filing fee was "taken from his account without prior notice, without giv[ing] him a chance to withdraw the appeal . . . [and] without giving him a chance to file in forma pauperis, imminent danger." (Def.'s Mot. at 1–2.)

Federal law "'makes prisoners responsible for their filing fees the moment the prisoner . . . files an appeal.'" *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). And the liability for the filing fees "continues until full payment has been made." *Id.* at 484. The Court is authorized to collect the filing fees as soon as funds exist to do so. *See* 28 U.S.C. § 1915(b).

Here, the Court determined in its March 2022 Order that Mr. Miles had sufficient funds to pay the $505 appellate filing fee based on the financial information he provided at the beginning of the litigation. (March 2022 Order at 2–3.) Mr. Miles' ignorance of the Court's authority to order collection does not shield him from these procedures or excuse him from paying the required appellate filing fee. *Barlow v. U.S.*, 32 U.S. 404, 411 (1833) ("[I]gnorance of the law will not excuse any person, either civilly or criminally[.]").

Next, regarding Mr. Miles' contention that he was not given the opportunity to file *in forma pauperis*, the Clerk notified Mr. Miles that he could apply to do just that the day after he filed his appeal. (Clerk's February Letter.) However, Mr. Miles did not submit an IFP Application during the thirty-day window. (*See* March 2022 Order at 1.) Even if he had been granted IFP status, Mr. Miles would still be obligated to pay the filing fee. *Henderson*, 129 F.3d at 483–85; *Redding v. Schnell*, 2022 WL 2806452, at *1 (D. Minn.

July 18, 2022) (slip copy); *see also* 28 U.S.C. § 1915(b). The Clerk's letter duly explained these payment alternatives. (Clerk's February Letter.)

Finally, the Circuit courts agree that appellants are not entitled to a refund of their filing fees. *See Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009) (collecting cases); *Barnes v. Hennepin Cnty. Dist. Att'y's Off.*, 364 F. App'x 301, 302 (8th Cir. 2010) (citing *Porter*, 564 F.3d at 180). Here, Mr. Miles withdrew his appeal, but "[i]t is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits." *Porter*, 564 F.3d at 179. Mr. Miles remained liable for the fees post-withdrawal and is not entitled to their return.

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reimbursement of Fees, [Doc. No. 31], is **DENIED**.

Dated: May 17, 2023

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge